LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE    BELLEVUE    LOS ANGELES    NEW YORK    PORTLAND    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, D.C.

MARCIA B. PAUL                 1633 BROADWAY              TEL (212) 489-8230
DIRECT (212) 603-6427          NEW YORK, NY 10019-6708    FAX (212) 489-8340
EMAIL marciapaul@dwt.com                                  www.dwt.com

December 11, 2006

**BY ECF and HAND**

Honorable Charles S. Haight, Jr.
United States District Court
Southern District of New York
500 Pearl Street, Room 1940
New York, New York 10007

Re:  *Dalia Gal v. Viacom, et al.,* Case No. 05 CV 263 (CSH)

Dear Judge Haight:

We represent defendants in the above-referenced action.  We write in connection with the letter of December 8, 2006 from plaintiff's counsel, responding to the December 7 letter of non-party Barnesandnoble.com LLC ("BN"), concerning plaintiff's request for a pre-motion conference on an apparent discovery dispute between those parties.  That dispute concerns the authentication of an interview of defendant Mary Higgins Clark which apparently appeared on BN's website (the "Interview").

We understand from plaintiff's December 8 letter that she intends to use the Interview in opposition to defendants' motion for summary judgment (filed on November 1, 2006), to support her latest theory of access, *i.e.* that the alleged alacrity in which Ms. Clark wrote the book at issue, as compared to what she allegedly said in the Interview, suffices to create an issue of fact as to access.  While we do not take a position with regard to the discovery dispute between plaintiff and BN, we submit that any motion to compel by plaintiff would be totally futile for several reasons.

First, even if plaintiff were to conduct a deposition of, or obtain a declaration by, a representative of BN explaining how a digital record of the interview was placed and maintained on BN's website from 1997 to 2006, any reliance on the interview is useless without statement establishing that the transcript of the Interview as it appears on the website is a true and complete transcription of the Interview – a statement which BN cannot provide at this time.

Second, even if the authenticity of this Interview could be established, the interview is insufficient to create any genuine issue of material fact with respect to access.  As explained

Honorable Charles S. Haight, Jr.
December 11, 2006
Page 2



more fully in our moving papers and in our Rule 11 sanctions motion, even those few courts that have considered speed as a relevant factor, acknowledge that speed alone is insufficient to create an inference of access. *See e.g.s Gemisys Corp. v. Phoenix American, Inc.*, 186 F.R.D. 551, 562 (N.D. Cal. 1999) (plaintiff's argument that copying should be inferred from speed with which defendant created allegedly infringing work, as well as from evidence of access, insufficient to overcome lack of substantial similarity and raise an issue of fact as to whether defendant copied); *Herzog v. Castle Rock Entertainment*, 193 F.3d 1241, 1256 (11th Cir. 1999) (no access where no probative evidence of opportunity to view plaintiff's screenplay and no showing of unusual speed). Plaintiff admittedly has no evidence of access whatsoever, apart from this "speed" argument.

Third, as a factual matter, the Interview does not establish what plaintiff claims it does, *i.e.*, Ms. Clark wrote this book faster than she usually writes her novels. The specific question and answer is as follows:

> Q: How long does it take to write each book? Do you ever suffer from writer's block? What do you do to get past it?
>
> A: Each book takes about a year now. The first one took three years. The next bunch took two years. Now it's a year. A writer once asked that said, "What's writer's block? Did you ever ask a plumber to fix a leaky sink and have him say, 'I have plumber's block'? You stay with it until you find out why it isn't working."

That statement is far too general to establish that it takes Ms. Clark an entire year to actually *draft* a manuscript for the book. As Ms. Clark testified in this case, she writes at least one novel annually, and typically begins the process of thinking about ideas, themes and general plot for an upcoming book as soon as she completes writing the prior one; meets with her editors over the course of the year to discuss the upcoming novel; commences developing and plotting out the story for the novel in the Spring; and begins researching and writing the novel in the Fall, to complete it by January or February of the following year for publication – hence, she "writes" a book within a year's time.

For all of these reasons, the interview is insufficient to create an issue of material fact on the pending summary judgment motion, even if it could be authenticated. Therefore, there is

Honorable Charles S. Haight, Jr.
December 11, 2006
Page 3



---

no need for a pre-motion conference, as no useful purpose could be served by compelling discovery with respect to this Interview.

Respectfully submitted,

*Marcia B. Paul*

Marcia B. Paul

MBP/lp

cc:    Richard Horowitz, Esq. (by fax and ECF)
       Teresita Rodriguez, Esq. (by fax)